IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ROBERT PORTER, JR.                                                                                 PLAINTIFF

V.                                                         CIVIL ACTION NO.:2:08CV88-WAP-DAS

MARK CARPENTER, ET AL.                                                                   DEFENDANTS

## REPORT AND RECOMMENDATION

A hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), was held in this case on August 21, 2008, to determine if there exists a justiciable basis for plaintiff's claims filed pursuant to 42 U.S.C. §1983. An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The complaint states that the plaintiff was arrested by Officer Mark Carpenter on charges of murder and aggravated assault on April 7, 2007. Jeff Joel, an investigator, was present during the arrest. According to the complaint, the plaintiff's vehicle was towed and searched without his being present. The arrest report indicated that the car was towed by Southern Wrecker Service ("SWS"). The plaintiff later found out that Cleveland Wrecker Service ("CWS") was also involved. The complaint charges that through negligence and misinformation supplied by the Bolivar County Sheriff's Department, the plaintiff lost his car and other personal items. The complaint charges that neither Joel nor the Sheriff's Department told him who towed his car until

months after his arrest and a week after he wrote a letter of inquiry to Sheriff Mack Grimmett. The complaint names as defendants Mark Carpenter and Jeff Joel, officers of the Bolivar County Sheriff's Department. It also names Joe and Jerry Phillips, employees of CWS, and SWS of Ruleville, Mississippi. The plaintiff seeks compensation for the value of his car and other property and for "pain and suffering" and emotional distress.

During the *Spears* hearing, the plaintiff testified that following his arrest, he was escorted to the Bolivar County Regional Correctional Facility. He said he requested that his car be released to certain family members, but officers told him his car was being searched. The plaintiff said he eventually sent a letter to Sheriff Grimmett but did not receive a response from him. Instead, a week later he received a call from Investigator Joel, who told him his car had been released to CWS. The plaintiff said he told his brother to go to CWS to retrieve his car. Someone at CWS told the plaintiff's brother that he could have the vehicle after paying at least $400. Because the plaintiff did not have the money to pay this fee, he instructed his brother to request permission to retrieve all of the plaintiff's personal effects from the vehicle. The plaintiff testified that his brother was told that he could not take any of the contents of the vehicle without first paying the fee.

The plaintiff testified that he sued Carpenter because he was the arresting officer who had the car towed. The plaintiff said he sued Jeff Joel because he initially held and searched the car and did not tell the plaintiff where it was until months later. The plaintiff said he has sued Jerry, Michael and Joe Phillips because they own CWS.

In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege

2

facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir.1985). Additionally, the plaintiff must allege facts which demonstrate that the defendants either personally participated in the act causing the alleged constitutional deprivation, or that they implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir.1998).

The plaintiff alleges that due to the negligence of the defendants, he lost his property. Claims of negligence simply do not rise to the level of constitutional violations. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). And, to the extent the plaintiff contends his due process rights have been violated based on an intentional deprivation of property, his complaint still fails because Mississippi provides and adequate post-deprivation remedy for the confiscation of prisoner property. *Burse v. Bennett*, No. 4:06CV100-TSL-LRA, 2008 WL 342504, at *2 (S.D. Miss. Feb. 5, 2008) (citing *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994) ). *See also Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (holding that claims of either negligence or intent fail to state a valid § 1983 action for deprivation of property). Accordingly, it is recommended that the plaintiff's complaint be dismissed a frivolous.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within

ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 4th day of November, 2008.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**